IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------X
DAMA SpA.,                                                       )
                                                                 )       17 Civ. 9110
                    Plaintiff,                                   )
                                                                 )
v.                                                               )
                                                                 )       COMPLAINT AND JURY DEMAND
                                                                 )
                                                                 )
Maui & Sons                                                      )
                                                                 )
                                                                 )
                    Defendants.                                  )
-----------------------------------------------------------------X
```

Plaintiff DAMA SpA, by and through its undersigned counsel, attorneys, Eaton & Van Winkle LLP, bring suit against Maui & Son (hereinafter "Maui") and alleges as follows:

### PARTIES

1. Plaintiff DAMA SpA (hereinafter "DAMA") is an Italian corporation residing at Via Piemonte 174 2110 Varese, Italy. The company has USA executive headquarters and a flagship store in New York City, New York at 667 Madison Avenue 10065. DAMA has been designing, promoting and selling its well-known/famous branded apparel and other related goods in the United States since about 1977. DAMA has been recognized famously for their designs using the registrations shown in Exhibit 1, with the logo PAUL & SHARK YACHTING with a dominant shark featured and using the shark logo alone. Plaintiff's products showing the extent of their significant use in the United States are set forth, by example only, as Exhibit 2 hereto.

2. Defendant Maui has its corporate headquarters and business at 17383 Sunset Boulevard, Suite 400, Pacific Palisades, CA 90272. Maui, upon information and belief, distributes its goods

throughout the United States including significant distribution within the city and state of New York.

3. Upon information and belief, Maui through their agents, servants, representatives and employees, are conducting business at various locations in the State of New York and elsewhere, including those entities that purchased Maui's infringing goods [Exhibit 3 hereto) bearing the confusing use of the trademarks of DAMA for further distribution and sale throughout the district and throughout the United States. Maui is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C § 1331, 1337, 1338 (a) and (b), under the Federal Law of trademark infringement (§ 32 and 43(a) of the "Lanham Act", 15 U.S.C. § 1125(a)).

5. This Court also has the jurisdiction pursuant to the principles of pendant jurisdiction over DAMA's claims for trademark infringement and unfair competition under the laws of the states of New York and California.

6. This Court has jurisdiction over Maui in that it transacts business in the state of New York and Maui's tortious conduct outside the state of New York has caused injury to DAMA and DAMA's property in the state of New York where DAMA has its principal place of business in the United States.

7. Venue is proper in this district under 28 U.S.C. §1391 (c) because this Court has jurisdiction over Maui in this judicial district.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. As to Maui this Court has jurisdiction pursuant to 28 U.S.C. §1332.

## FACTUAL BACKGROUND

9. DAMA has been designing high-end, unique high-quality luxury clothing for men and women since 1976 and in the United States since 1977. DAMA is famous for its designs and has

registered trademarks and common law usage for each of such designs in the USA, Europe and Asia. (EXHIBIT 3)

10. There have been multiple legal proceedings between DAMA and Maui over the years. In particular and importantly the Parties entered into a Settlement Agreement September 24, 1993 (Exhibit 4 hereto) which sets forth the rights of the Parties going forward. At that time Maui was attempting to use and using a horizontal shark design which DAMA had claimed was an infringement. This Settlement Agreement ended Maui's rights to the use of that horizontal shark design going forward as a result of that Settlement Agreement. For a period of time Maui honored those rights.

11. However, recently it has come to the attention of DAMA that Maui continues to breach the agreement and violate the trademark rights of DAMA. (see Exhibit 5 hereto from DAMA's Italian counsel to Maui in California, dated August 2, 2017).

12. Maui essentially ignored that correspondence in its letter dated October 4, 2017, two months later, stating they disagreed with every point that DAMA had made, stating that the agreement did not exist, that it expired and that DAMA had no rights to its unoriginal trademarks. All of this was and is false. (see Exhibit 6 hereto)

13. As a result of Maui's actions from prior to August 2017, Maui sells and continues to sell its horizontal shark designs apparel in violation of the rights of DAMA. (See, Page 2 of Exhibit 5, the letter from DAMA Italian counsel August 2, 2017 setting forth the infringing Maui use.) That use, upon information and belief, occurs in the United States and includes shirts and the use of the Maui horizontal shark expressly prohibited by the 1993 Settlement Agreement. (see Maui apparel from Exhibit 7 hereto)

14. DAMA has spent significant time and financial resources throughout the United States and worldwide developing and marketing its famous brand, with retailers, brand managers, Italian sales agents and other agents.

## DEFENDANT'S CONDUCT

15. Upon information and belief, Maui is a very successful apparel seller with a surfer/sea image (see Exhibit 3). Upon information and belief throughout the United States Maui through its exclusive distributors sells apparel and other related accessories using the famous trademark shark in DAMA's products, a horizontal shark substantially the same as the shark enjoined by the Settlement Agreement of 1993. (Exhibit 4).

16. Upon information and belief, the use of the horizontal shark (with or without sunglasses or with or without teeth) infringes the registrations of DAMA. Further such use blurs the fame of the DAMA shark dominated rights and tarnishes the significant famous reputation of DAMA for its brand. Upon information and belief Maui is not authorized to manufacture, distribute, offer for sale or sell products bearing the designs and trademarks of DAMA. Maui uses such marks in connection with its advertisement, offer for sale and sale of these designs.

17. Upon information and belief, Maui has intentionally and knowingly infringed the designs of DAMA in advertising, promoting and selling their apparel, certainly in an effort to trade on the fame of DAMA and its products and on DAMA's goodwill generated over the past five decades and the caché associated with the quality and nature of DAMA's designs.

18. Upon information and belief, at all times relevant, Maui was and is aware that its designs have been taken illegally from DAMA. Upon information and belief, Maui's use of DAMA's marks are in connection with the advertising, marketing, distribution, offering for sale and sale of infringing designs likely to cause confusion and mistake among the consuming public and to deceive others into believing that there is a relationship between the parties, particularly in view of the decades long fame of DAMA and its Paul & Shark YACHTING shark dominated mark and its SHARK alone LOGO. Upon information and belief, Maui's use of such shark designs in connection with advertising, marketing, distribution, offering for sale and sale of infringing DAMA designs is causing irreparable harm to DAMA.

## COUNT I

### Federal Trademark Infringement 15 U.S.C. § 1114

19. DAMA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein. DAMA's registered marks and the goodwill of the business associated with them and all the designs of DAMA in the United States and elsewhere in the world are of significant and incalculable value, highly distinctive of DAMA as a source arbitrary in nature, and through extensive efforts of DAMA, its shark-dominated designs have become associated in the industry as originating from DAMA.

20. Upon information and belief, without Plaintiffs' authorization or consent and contrary to the Settlement Agreement, as well as having knowledge of DAMA's specific prior rights, Maui has launched multiple products that bear a mark confusingly similar to the registered marks of DAMA. Maui has manufactured, distributed, offered for sale and or sold such infringing products to the consuming public in an effort to destroy the famous rights of DAMA and to create a market for themselves in or affecting interstate commerce.

21. Upon information and belief, Maui's use of copies of simulations of the famous registered logo of DAMA is likely to cause and is causing confusion, mistake, and deception among those in the industry as to the origin of such products. Upon information and belief, Maui is likely to deceive the public into believing such goods being sold by Maui originated from and/or are associated with/or are otherwise authorized by DAMA, all to the damage and detriment of DAMA's reputation, good will, and significant promotional efforts and commercial activity.

22. DAMA has no adequate remedy at law and, if Defendants' activities are not enjoined, DAMA will continue to suffer irreparable harm and injury to their good will and reputation.

## COUNT II

### False Designation of Origin and Unfair Competition

23. DAMA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

24. Upon information and belief, Maui's apparel is of the same general nature and type of the registered and common law designs promoted and offered by DAMA and, as such are likely to cause confusion in the industry and ultimately to the general purchasing public.

25. Upon information and belief, by misappropriating and using their horizontal shark designs, Maui misrepresents and falsely describes to the industry, and ultimately to the general public, the origin and source of the goods and creates a likelihood of confusion among ultimate purchasers as to both the source and sponsorship of such merchandise.

26. Upon information and belief, Maui's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of such infringing goods creates express and implied misrepresentations that their goods were created, authorized or approved by DAMA, all to Maui's profit and to DAMA's damage and injury.

27. Upon information and belief, Defendants' acts are a violation of Section 43 (a) of Lanham Act, 15 U.S.C. § 1125(a), and Maui's' use of its apparel in connection with its horizontal shark designs in interstate commerce constitutes a false designation origin and unfair competition.

28. DAMA has no adequate remedy at law and, if Maui's activities are not enjoined DAMA will continue to suffer irreparable harm and injury to their good will and reputation.

## COUNT III

### Dilution

29. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

30. Pursuant to 15 U.S.C. § 1125(c), DAMA is the owner of famous marks that are distinctive, inherently or through acquired distinctiveness, and Maui has commenced use of mark in commerce likely to cause dilution by blurring or dilution by tarnishment of such famous marks. This is regardless of the presence or absence of actual or likely confusion, of competition or

actual economic injury. DAMA's marks are famous as widely recognized by the general consuming public and as a designation of source of the goods and services of DAMA. DAMA's marks have endured for a half a century. Its reach is worldwide both as to advertising, publicity and sales offered under the marks.

31. Upon information and belief, Maui has used and created a horizontal shark mark that impairs the distinctiveness of the famous marks of DAMA. This is true as to the similarity of the marks, inherent or acquired distinctiveness, the exclusive use of the marks by DAMA, and the worldwide recognition of such marks. Maui's clear intent is to create an association with the marks based historically on its knowledge of the success of DAMA's marks and its attempt again, 25 years later, to destroy or take those marks for itself.

32. Upon information and belief, DAMA's famous marks have been tarnished by the activities of Maui based on the similarity between the marks which harms the reputation of DAMA's logos.

## COUNT IV

### Trademark Infringement Under New York Common Law

33. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Maui has used without authorization from DAMA, DAMA's mark to authorize, distribute, sell or offer for sale its products.

35. Upon information and belief, Maui's acts as alleged herein are likely to cause confusion, mistake and deception to the industry and to consumers as to the affiliation, connection or association of Maui to DAMA and as to the origin, sponsorship, or approval of Maui's goods as those of DAMA.

36. Upon information and belief, Maui's unauthorized acts constitute direct infringement of DAMA's Federal trademark registrations and common law rights and its marks in violation of New York common law. (Exhibit 1 hereto)

37. Upon information and belief, given the history of these parties it is evident that Maui's conduct is intentional, malicious, and wanton, and Maui infringes and continue to infringe the Federal trademark registrations of DAMA (a) with full knowledge that DAMA owns and has the exclusive rights to use those marks and rights; b) with the intention of causing a likelihood of confusion and mistake and to deceive; and c) with the intention of eliminating the competition from DAMA and the destruction of DAMA's business, after decades of fame.

38. Upon information and belief, DAMA has suffered and will continue to suffer irreparable injury for which DAMA has no adequate remedy at law. DAMA therefore is entitled to a preliminary and permanent injunction against Maui from further infringing conduct.

## COUNT V

### Breach of Contract

39. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

40. A Settlement Agreement between the parties (Exhibit 4 hereto) was entered into on September 24, 1993. The activities of Maui has recreated a material breach of contract and subjected Maui to damages and injunctive relief under the contract, and expressed contractually, reasonable attorneys' fees.

## COUNT VI

### Unfair Competition Under New York Law

41. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

42. Upon information and belief, the actions of Maui as alleged above constitutes common law trademark infringement, unfair competition and false advertising under New York law, and have caused and will cause impairment of the recognition of the famous marks PAUL & SHARK YACHTING and the dominant SHARK logo shown therein, as originally designed, promoted and made famous by DAMA and the potential for significant diminution of the value thereof.

43. Upon information and belief, as a result of the actions of Maui, DAMA has been and will continue to be seriously and irreparably damaged unless Maui is enjoined from the use of false designations or representations which result in common law trademark infringement and unfair competition with DAMA.

## COUNT VII

### Interference With Prospective Business Advantage and Business Relations

44. DAMA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

45. Upon information and belief, Maui's malicious and dishonest activities have interfered with, have prevented and will prevent DAMA from conducting its business, to significant disadvantage of DAMA. As Maui is aware, upon information and belief, the actions of Maui will have through a likelihood of confusion a direct and lasting effect on DAMA's business relations with third parties and will injure and damage the business advantages that DAMA has with respect to apparel sold with its famous PAUL & SHARK YACHTING brand with/and its Horizontal Shark logo. DAMA's half century efforts to create its important and recognized branding have been directly interfered with by Maui for its own purposes, improper in nature.

## COUNT VIII

### Unjust Enrichment

46. Plaintiff repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

47. Upon information and belief, Maui has unjustly enriched itself by taking the valuable design and trademark rights of DAMA for its apparel and related accessories. All of the long and dedicated work done by DAMA to become a major source of its designs in the industry has been taken for substantial legal and financial advantage by Maui, a significant manufacturer and distributor. Maui has been and will be unjustly enriched by these infringing activities.

**PRAYER FOR RELIEF**

Wherefore DAMA prays that Maui be cited to appear in this case and upon final judgment, that DAMA receives the following relief:

1. That Maui, its officers, agents, servants, employees, representatives, attorneys and all persons acting for, with, by, through or under them by agreement or license of any kind be enjoined and restrained, at first preliminarily during the pendency of this action and, thereafter, permanently:

    a) from using in any manner the protected marks of DAMA or any other mark which so resembles those trademark and trade dress marks of DAMA as to be likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale, or sale of any product not emanating from DAMA, or not authorized by DAMA to be sold in connection with its products and its famous logos;

    b) from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by DAMA, not DAMA's products, or not produced under the control and supervision of DAMA and approved by DAMA for sale as to their famous PAUL & SHARK trademark rights with/and its Horizontal Shark;

    c) from committing any acts calculated to cause purchasers to believe that Maui's products are those sold under the control and supervision of DAMA, or sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of DAMA;

    d) from further infringing any of DAMA's marks, as set forth herein, and damaging DAMA's goodwill in the industry;

    e) from otherwise competing unfairly with DAMA in any manner; and

    f) from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for DAMA; nor authorized by Plaintiffs to be sold or offered for sale, and which bear DAMA's famous PAUL &

    SHARK trademark with/and its Horizontal Shark or any use of a mark confusingly similar thereto;

2. That Maui be required to deliver immediately up to DAMA any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Maui or under their control bearing Plaintiff's famous PAUL & SHARK marks, depicting a Horizontal Shark alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not emanating from DAMA, or not made under the authorization and control of DAMA.

3. That Maui be required to supply DAMA with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing DAMA's famous marks, or products not authorized by DAMA to be sold in connection with said marks.

4. That Maui be required to deliver up for destruction their entire inventory of infringing Horizontal Shark mark goods.

5. That Maui, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon DAMA a written report under oath setting forth in detail the manner in which Maui has complied with paragraphs 1 through 4, above.

6. That Maui account for and pay over to DAMA profits realized by Maui by reason of Maui's unlawful acts herein alleged and, that the amount of damages for infringement of DAMA's trademarks be increased by a sum not exceeding three time the amount thereof as provided by law.

7. That DAMA be awarded actual damages in an amount to be proven at trial and punitive damages in an amount to be proven at trial.

8. That DAMA be awarded interest, including pre-judgement interest, on all sums.

9. That DAMA be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under the Lanham Act, the New York common law and by contract between the parties.

10. That DAMA have such other and further relief as the Court deems just and proper.

Dated: New York, New York

December 19, 2017

By: /s/ 

Robert A. Rubenfeld, Esq. (RR5143)
Maxim H. Waldbaum, Esq. (MW4615)
*Attorneys for Plaintiffs*
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016
mwaldbaum@evw.com
Tel.: (212) 561-3610
Fax: (212) 779-9928

## JURY DEMANDED

DAMA demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

Dated: New York, New York
December 19, 2017

By: /s/
Robert A. Rubenfeld, Esq. (RR5143)
Maxim H. Waldbaum, Esq. (MW4615)
*Attorneys for Plaintiffs*
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016\
mwaldbaum@evw.com
Tel.: (212) 561-3610
Fax: (212) 779-9928